IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JONATHAN HERNDON,

    Petitioner,

v.                                                Civil Action No. 5:09cv50
                                                    (Judge Stamp)

JOEL ZIEGLAR, Warden,[1]

    Respondent.

## REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this § 2241 habeas corpus action on May 8, 2009. In the petition, the petitioner seeks credit on his federal sentence for time he was erroneously released from custody. This matter is currently before the undersigned for a Report and Recommendation on the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.

### I. The Petitioner's Conviction and Sentence

On March 2, 1994, Culpepper County, Virginia, sentenced the petitioner to a 10-year state term of imprisonment, with six years suspended, for distribution of cocaine. Resp't Ex. A at Att. B. A little more than a year later, the petitioner was sentenced by Spotsylvania County, Virginia, to a 15-year term of imprisonment, also for distribution of cocaine. Id. at Att. C.

---

[1] The proper respondent in a habeas action is the custodian of the prisoner. See 28 U.S.C. §2243 ("[t]he writ of habeas corpus or order to show cause shall be directed to the person having custody of the person detained"); Rumsfeld v. Padilla, 542 U.S. 426, 434, 435 (2004) (the writ of habeas corpus acts upon the person with the ability to produce the prisoner's body before the habeas court, therefore, the only proper respondent is the petitioner's custodian); Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 494 (1973) "[a] writ of habeas corpus does not act upon the prisoner who seeks habeas relief, but upon the person who holds him in . . . custody). Consequently, Joel Zieglar is substituted as the proper party respondent in this case.

On January 3, 1996, while serving his state sentences, the petitioner was transferred to federal custody pursuant to a federal writ. Id. at Att. D. He was sentenced on federal charges by the United States District Court for the Western District of Virginia on April 16, 1997. Id. at Att. E. Specifically, the petitioner received a 120-month federal sentence for conspiracy to distribute cocaine base, to be followed by a five-year term of supervised release. Id. The petitioner's federal sentence was directed to run concurrent to his state sentences. Id.

After his federal sentencing, the petitioner was returned to the State of Virginia for service of his sentences. Id. at Att. D. The United States Marshal Service placed the petitioner's federal sentence with State of Virginia as a detainer. Id. at Att. F.

On October 21, 1997, the petitioner was moved from Rappahannock Regional Jail to Buckingham Correctional Center. Resp't Ex. C. However, state officials failed to transfer his federal detainer. Id. Therefore, when the petitioner was paroled from his state charges on September 17, 1999, he was erroneously released from custody. Id. At the time of his release, the petitioner still had approximately 75 months left to serve on his federal sentence. Petition (dckt. 1) at 3.

In 2004, the petitioner was discharged from his state sentences. Resp't Ex. A at Att. G.

On October 31, 2006, the Western District of Virginia issued a warrant for the petitioner's arrest. Id. at Att. I. The purpose of the warrant was to return the petitioner to federal custody for completion of his federal term of imprisonment. Id. The petitioner was arrested on May 11, 2007, and taken into federal custody. Id. at Att. D.

Pursuant to a Remand Hearing held on May 14, 2007 in the sentencing court, the petitioner was ordered into federal custody for completion of his sentence. Id. at Att. J. However, due to a calculation error by the Bureau of Prisons ("BOP"), he was erroneously released on July 5, 2007.

Id. at Att. B and K. Nonetheless, the petitioner was returned to custody on July 12, 2007, and received credit on his federal sentence for the time between July 5, 2007 and July 12, 2007. Id. at Att. B and L; Resp't Memorandum (dckt. 21) at ¶ 11.

The petitioner objected to the Court's Order remanding him to federal custody for further service of his sentence. See United States v. Jonathan Herndon, 3:95cr66-5 (W.D.N.C. Mar. 13, 2008) at dckt. 468. Accordingly, the Court held a hearing on August 9, 2007, and determined that the petitioner was properly in federal custody.[2] Id. The petitioner challenged that decision in the sentencing court pursuant to 28 U.S.C. § 2255. Id. The petitioner's § 2255 motion was denied March 13, 2008.[3] Id. This suit followed.

## II. Contentions of the Parties

### A. The Petition

In the petition, the petitioner asserts that his federal sentence was directed to run concurrent to his state sentences and after completing those sentences, he was erroneously rearrested. Moreover, the petitioner asserts that during the seven years after his release, he was a law abiding and productive member of society. In addition, he maintained employment and paid taxes. The petitioner asserts that although he faithfully reported while on parole and supervised release, he was never once informed that he still owed time on his federal sentence. At the completion of his supervised release, the petitioner was given a "certificate of discharge" and told that he was no longer required to report to anyone. The petitioner asserts that any error in this case was not of his

---

[2] No written opinion was filed with regard to this hearing. Thus, this Court is unable to determine what findings of fact, if any, were made by the sentencing court on this issue.

[3] In the Order denying the petitioner's § 2255 motion, the Western District of Virginia found that this claim was not cognizable under § 2255, but advised the petitioner that he may file this claim pursuant to 28 U.S.C. § 2241, provided that he first exhaust his available administrative remedies.

making and that he should be released immediately.

**B.  The Respondent's Motion**

In his motion, the respondent asserts that the petition should be dismissed, or alternately, summary judgment granted, for the following reasons:

(1) the petitioner failed to exhaust administrative remedies; and

(2) the petitioner's erroneous release by state authorities does not entitle him to jail credit for the time he was at liberty.

**C.  The Petitioner's Response**

In his response to the respondent's motion, the petitioner appears to argue that the United States Marshal Service ("USMS") was responsible for his erroneous release. Specifically, he asserts that the USMS took no affirmative action to acquire him upon his release from his state sentence and that an NCIC check run on him when he was discharged from his state sentences revealed no outstanding detainers or warrants. Moreover, the petitioner asserts that he was never told that he had to report to any federal authority upon his release from state custody.

### III.  Analysis

**A.  Exhaustion of Administrative Remedies**

To the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are judicially imposed. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996) (federal inmates are required to exhaust their administrative remedies prior to filing a 2241 petition); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996) (same); McCallister v. Haynes, 2004 WL 3189469 (N.D.W.Va. 2004) (same). Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement

4

in certain circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D.W.Va. June 12, 2006) (citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) cert. denied, 521 U.S. 1131 (1997)). Indeed, a number of courts have found that the exhaustion requirement may be waived where the administrative process would be futile. See id. at *5-*7.

It is undisputed in this case that the petitioner did not fully exhaust his administrative remedies. However, given his attempts at exhaustion, and the procedural posture of this case, the undersigned believes that the exhaustion requirement should be waived in this instance.

Here, the petitioner attempted to complete the administrative process. In fact, he did complete all but the final step.[4] His final appeal, however, was rejected for procedural reasons on two occasions, and it does not appear that the petitioner could have overcome the reason for the rejection. Moreover, considering he had been denied relief at each of the previous levels, it is unlikely that fully completing the final step of the process would have resulted in any relief to the petitioner. Given that the petitioner attempted to fully exhaust, and nearly did, shows that the filing of this case was not intended to circumvent the exhaustion requirement.

In addition, a response has been filed in this case and the issue is ripe to be adjudicated on the merits. Thus, it would be a waste of judicial time and resources to dismiss this case at this stage and require the petitioner to file at a later date. For these reasons, the undersigned believes that the exhaustion requirement in this case should be waived.

B. **Merits of Claim**

---

[4] Review of a BOP determination is available initially through the administrative process provided in 28 C.F.R. §§ 542.10, et seq. Section 542 mandates a four-step administrative process beginning with: (1) attempted informal resolution with prison staff. If the prisoner achieves no satisfaction informally, (2) he must file a written complaint with the warden, (3) followed by an appeal to the regional director of the Federal Bureau of Prisons. Finally, if the prisoner has received no satisfaction, (4) he may appeal to the office of the General Counsel.

The BOP did not violate the petitioner's constitutional rights by requiring him to serve his undischarged federal sentence even though he had been erroneously released. See Hawkins v. Freeman, 195 F. 3d 732 (4th Cir. 1999). In Hawkins, the North Carolina Parole Commission erroneously granted parole to Hawkins, who was not even eligible for parole. Twenty months later, the parole commission discovered its error and revoked Hawkins' parole. Hawkins sought habeas relief on the grounds that the revocation of his parole and his reincarceration violated his substantive due process rights. The Fourth Circuit Court of Appeals held:

> the precise liberty interest asserted here-- that of continuing in a state of freedom erroneously granted by government and enjoyed for a significant time by a convict who yet remains under an unexpired lawful sentence--cannot be found one of "those fundamental rights and liberties which are objectively 'deeply rooted in this Nation's history and tradition.'" Nor, unless possibly when solely animated by a vindictive or oppressive purpose that is not suggested here, could the executive act of re-imprisoning under such circumstances be declared 'shock[ing to] the contemporary conscience.'"

Id. at 750 (internal citation omitted).

Although the USMS lodged a detainer with the State of Virginia, the petitioner was released by the State on September 17, 1999. According to the BOP, the petitioner had 75 months of his federal sentence remaining at that time. During his state parole period and supervised release term, the petitioner apparently reported faithfully, and without incident, to state authorities. Thus, he was discharged from his state terms in 2004. However, the petitioner clearly knew he had a federal term of 120 months to serve that could not possibly have been completed at the time of his release.[5]

---

[5] The petitioner was sentenced to 120 months (10 years) on April 16, 1997. That sentence was ordered to run concurrent to the petitioner's state sentences. Thus, upon his release from state authorities on September 17, 1999, the petitioner had served only approximately two years and five months of his federal sentence. See 18 U.S.C. §3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."). Moreover, once he was released from state custody, the petitioner was no longer in official detention and the time served on state parole or supervised release could not be credited to his federal sentence. See BOP Program Statement

Nonetheless, he did not report to federal authorities upon his release from state prison. Moreover, even if the petitioner believed that he had fully served his federal prison term, he was aware that he also had a period of supervised release to serve, yet he never reported to federal authorities.

Additionally, the failure to take the petitioner into federal custody upon his release from his state term, was no fault of the federal authorities. A judgment was entered against the petitioner and a detainer was lodged with state authorities. It appears that the fault in this case, if any, lies in the State's failure to carry the detainer with the petitioner upon is transfer between various state facilities.

Given these facts, the undersigned finds that it does not "shock the conscience" to require the petitioner to serve the remainder of his federal sentence. In so finding, the Court does not minimize the petitioner's efforts and behavior since his release from state custody. To the contrary, the Court commends the petitioner on his ability to rehabilitate and become a productive member of society. However, pursuant to Hawkins, the petitioner is properly required to serve the undischarged term of his federal sentence.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dckt. 20), be **GRANTED in part** and **DENIED in part**. Specifically, the undersigned recommends that the respondent's motion be DENIED to the extent that it seeks dismissal of the petition on exhaustion grounds. However, the undersigned recommends that the respondent's motion be GRANTED to the extent that it seeks judgment on the merits of the petitioner's claims and that the petitioner's § 2241 petition (dckt. 1)

---

5880.28, p. 1-28.

therefore be **DENIED** and **DISMISSED with prejudice**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985): Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: August 31, 2009.

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE