IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JONATHAN HERNDON,

    Petitioner,

v.                                     Civil Action No. 5:09CV50
                                             (STAMP)
JOEL ZIEGLAR, Warden,[1]

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The pro se[2] petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking credit on his federal sentence for time that he was erroneously released from custody.

This matter was referred to United States Magistrate Judge David J. Joel for a report and recommendation pursuant to Local Rule of Prisoner Litigation 83.09. In response to a show cause order, the respondent filed a motion to dismiss, or in the alternative, motion for summary judgment. The petitioner filed a response in opposition, to which the respondent did not reply.

---

[1] The petitioner named the United States District Court as the respondent in this case. However, the proper respondent in a habeas action is the petitioner's custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (the writ of habeas corpus acts upon the person with the ability to produce the prisoner's body before the habeas court; therefore, the only proper respondent is the petitioner's custodian). Accordingly, Joel Zieglar is substituted as the proper party respondent.

[2] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed 2009).

On August 31, 2009, the magistrate judge issued a report and recommendation recommending that the respondent's motion to dismiss, or in the alternative, motion for summary judgment be granted in part and denied in part. Furthermore, the magistrate judge recommended that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The petitioner filed timely objections.[3] For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety.

## II. Facts

The petitioner was sentenced to the following terms of imprisonment: (1) ten year state term of imprisonment, with six years suspended, on March 2, 1994, in Culpepper County, Virginia, for distribution of cocaine; and (2) fifteen year term of imprisonment in 1995, in Spotsylvania County, Virginia, also for distribution of cocaine.

---

[3]The petitioner filed a request for extension to file objections to the magistrate judge's report and recommendation, which this Court granted. Thereafter, the petitioner timely filed a document entitled "Response to Government Motion Filed on July 21, 2009 for Summary Judgment and Response to Order to Show Cause," which this Court construes as objections to the magistrate judge's report and recommendation.

2

On January 3, 1996, while serving his state sentences, the petitioner was transferred to federal custody pursuant to a federal writ. Thereafter, on April 16, 1997, he was convicted of conspiracy to distribute cocaine base in the United States District Court for the Western District of Virginia, and received 120-month federal sentence, to be followed by a five-year term of supervised release. This federal sentence was directed to run concurrent with his state sentences. Following the federal sentencing, the petitioner was returned to the Commonwealth of Virginia, with whom the United States Marshals Service placed the petitioner's federal sentence as a detainer.

The petitioner was subsequently moved from Rappahonnock Regional Jail to Buckingham Correctional Center on October 21, 1997. State officials, however, failed to transfer the federal detainer, and the petitioner was paroled from his state charges and erroneously released from custody on September 17, 1999.[4] At that time, the petitioner still had approximately seventy-five months left to serve on his federal sentence.

The Western District of Virginia issued a warrant for the petitioner's arrest on October 31, 2006, so that he could complete his federal term of imprisonment. The petitioner was arrested and taken into federal custody on May 11, 2007.

---

[4]The petitioner was ultimately discharged from his state sentences in 2004.

The sentencing court held a remand hearing on May 14, 2007, at which the petitioner was ordered into federal custody for the completion of his federal sentence.[5] The petitioner objected to the court's order remanding him to federal custody. See United States v. Jonathan Herndon, 3:95-cr-66-5 (W.D.N.C. Mar. 13, 2008). The court held a hearing on this issue and determined that the petitioner was properly in federal custody. The petitioner then challenged the decision in the sentencing court pursuant to 28 U.S.C. § 2255, but that motion was later denied. This current action followed.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

---

[5] The petitioner was again erroneously released, this time by the Bureau of Prisons ("BOP"), on July 5, 2007, due to a calculation error. Nevertheless, the petitioner was returned to custody on July 12, 2007, and received credit on his federal sentence for the time between July 5, 2007 and July 12, 2007.

4

## IV. Discussion

### A. Exhaustion of Administrative Remedies

In his motion to dismiss, or in the alternative, motion for summary judgment, the respondent argues that the petition should be denied because the petitioner failed to exhaust his administrative remedies. Federal inmates are generally required to exhaust their administrative remedies prior to filing a § 2241 petition. See e.g. Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996). However, to the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Indeed, exhaustion prerequisites in habeas corpus actions arising under § 2241 are judicially imposed. It follows then, that a court has the discretion to waive the exhaustion requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487, at *8 (S.D. W. Va. June 12, 2006).

Although it is undisputed that the petitioner failed to exhaust his administrative remedies in this case, the magistrate judge recommends that this Court waive the exhaustion requirement given the petitioner's attempts at exhaustion and in the interest of judicial economy because this case is fully briefed for adjudication on the merits. This Court agrees with the recommendation of the magistrate judge. Therefore, the exhaustion requirement is waived in this instance.

B. <u>Merits of Petitioner's Claims</u>

After a thorough review of the record, this Court finds that the BOP did not violate the petitioner's constitutional rights by requiring him to serve his undischarged federal sentence, despite his erroneous release. In <u>Hawkins v. Freeman</u>, 195 F.3d 732 (4th Cir. 1999), the Fourth Circuit held that a person's revocation of parole and reincarceration does not violate his substantive due process rights:

> [W]e hold that the precise liberty interest asserted here - that of continuing in a state of freedom erroneously granted by the government and enjoyed for a significant time by a convict who yet remains under an unexpired lawful sentence - cannot be found one of "those fundamental rights and liberties which are objectively 'deeply rooted in this Nation's history and tradition.'" Nor, unless possibly when solely animated by a vindictive or oppressive purpose that is not suggested here, could the executive act of re-imprisoning under such circumstances be declared "shock[ing to] to the contemporary conscience."

<u>Id.</u> at 740 (internal citations omitted).

Here, upon discharge from state imprisonment, the petitioner knew that he had a federal term to serve that could not have possibly been completed at the time of his release. Nevertheless, he failed to report to federal authorities. Moreover, the failure to take the petitioner into federal custody upon his release from state custody was of no fault of the federal authorities, who properly filed a detainer with the state. Accordingly, pursuant to these facts and <u>Hawkins</u>, it does not "shock the conscience" to require the petitioner to serve the remainder of his undischarged federal sentence.

6

## V. Conclusion

Based upon a <u>de novo</u> review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the respondent's motion to dismiss, or in the alternative, motion for summary judgment is GRANTED IN PART and DENIED IN PART. To the extent that the motion seeks dismissal of the § 2241 petition on exhaustion grounds, it is DENIED. The respondent's motion, however, is GRANTED to the extent that it seeks judgment on the merits of the petitioner's claims, and the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. <u>See</u> Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. <u>See</u> 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); <u>see also</u> Fed. R. App. P. 22; <u>Drax v. Reno</u>, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: December 30, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE